IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES SHIVERS #1287107 | § | |
| | § | |
| V. | § | A-09-CA-897-SS |
| | § | |
| SHEILA GASKINS, MR. SULLIVAN, | § | |
| MR. YOUNG, MS. LOPEZ, and | § | |
| MRS. BODDEN | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE SAM SPARKS
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Plaintiff's complaint, more definite statement and request to certify class action. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Austin Transitional Center. He alleges the Austin Transitional Center: (1) uses employees that are not qualified to dispense medication; (2) has overcrowding in the trailers; (3) has structural, plumbing, electrical and fire code violations; (4) violates the 8th Amendment; (5) illegally opens mail and makes photocopies of it; and (6) illegally operates as a finance institution. Plaintiff sues Sheila Gaskins, Director Sullivan, Mr. Young, Ms. Lopez, and Mrs. Bodden. He seeks $10 million in punitive damages.

After the Court reviewed Plaintiff's complaint, he was ordered to file a more definite statement, specifying what each of the defendants did to violate his constitutional rights.[1] Plaintiff contends Defendant Gaskins and Sullivan have not fulfilled their duties as directors and have not ensured their clients' constitutional rights were safeguarded. Plaintiff contends Defendant Young and Defendant Lopez did not fulfill their duties as monitors at the facility and acted outside of state law by dispensing medication. Plaintiff explains that neither Young nor Lopez are licensed as pharmaceutical technicians, LVNs or registered nurses. Plaintiff also alleges Defendant Young harassed clients by continually awakening the clients "night in and night out for searches." Plaintiff alleges Defendant Bodden did not fulfill her duties as employment specialist and only had a 2% employment rate. Plaintiff further alleges Defendant Bodden illegally opened clients' mail from the Social Security Administration and extorted monies from clients. Plaintiff lists additional violations of the Austin Transitional Center as: (1) looking over into occupied restroom stalls; (2) opening clients' mail; (3) extorting money from clients; (4) harassment; (5) prejudice and bias; (6) violations of state law; (7) violations of constitutional rights; and (8) segregation. Plaintiff asserts he was confined in the Austin Transitional Center from September 29, 2009 until December 14, 2009.

DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal

---

[1]This case was originally filed as a joint action along with Phillip Boyer as a co-plaintiff. The Court ordered the cases severed on December 14, 2009, *see* Clerk's Doc. No. 5 in Cause No. A-09-CV-890, and the claims filed by Shivers were given the new cause number indicated in the caption.

for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986).

To avoid dismissal for failure to state a claim, a plaintiff's complaint must plead enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). The factual allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While pro se complaints are held to less stringent standards than those drafted by lawyers, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent [dismissal]." Taylor v. Books A Million, Inc., 296 F.3d 376, 378 (5th Cir. 2002).

Plaintiff's allegations are insufficient to state a constitutional violation. Plaintiff's allegations are vague and conclusory. He does not specify when any of any of the violations allegedly occurred. Moreover, Plaintiff does not even make clear whether he was the subject of the alleged violations, and he has not alleged that he suffered any harm. In fact, Plaintiff does not even seek compensatory damages, but is only seeking $10 million in punitive damages. Finally, even if the Court presumes there are facts to support the vague allegations of the complaint, nearly all—if not all— of the allegations do not state constitutional violations, but rather amount at most to state law tort claims. Plaintiff simply has not alleged sufficient facts in any of his pleadings that would give rise to a plausible claim against any defendant.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e) and Plaintiff's request to certify class be dismissed as moot.

It is further recommended that Plaintiff should be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 27th day of January, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE